[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs Wilson and Miguelina Feliciano, husband and wife, have brought this action in a two-count complaint claiming damages against defendant Mahler Realty Advisors, Inc. for its alleged failure to return their security deposit, and for an alleged violation of the Connecticut Unfair Trade Practices Act.
Specifically, the plaintiffs allege in paragraphs one through three of their complaint that on or about February 28, 1995, they CT Page 6454-I entered into a written lease for a term of one year, commencing March 1, 1995, for the rental of premises known as apartment 5, Building 5 Wyndham Court at 1129 Wolcott Street in Waterbury, Connecticut. The monthly rent for this apartment was $435.00. The plaintiffs allege further that upon signing the lease, the defendant demanded and they paid the sum of $650.00, as a security deposit, and that they paid an additional sum of $435.00 as rent for the month of March 1995.
In paragraphs four through seven of their complaint the plaintiffs allege that although they vacated the premises on or about January 31, 1996, they paid the rent for February 1996 — the last month of their original lease. The plaintiffs further allege that on or prior to February 14, 1996, the defendant changed the locks and terminated their tenancy; that the defendant refused to return their security deposit, and did not provide timely written notification concerning their security deposit.
The defendant denies the essential allegations of the plaintiffs' complaint. In addition, the defendant has filed two Special Defenses and a Counterclaim.
In its First Special Defense the defendant alleges that the parties entered into a new lease on or about January 24, 1996, which replaced the then existing original lease between them. The new lease covers premises known as defendants' apartment 2, CT Page 6454-J building 1. The original lease, signed on February 22, 1995 — almost one year prior to the January 24, 1966 signing of the new lease — concerns premises known as defendant's apartment 5, building 5. The defendant further alleges that the new lease reflected the agreement of the parties that the defendant apply to the new lease the security deposit originally applied to the parties' original lease.
In its First Special Defense the defendant also alleges that the new lease constitutes a written notice accounting for and notifying the plaintiffs of the disposition of their security deposit provided under the original lease. In its Second Special Defense the defendant alleges that the plaintiffs did not "terminate" their tenancy in any sense of entitling them to the return of their security deposit, for the reason that the parties agreed that the money representing the security deposit under the original lease would be transferred to the security deposit account for the new lease.
In its Third Special Defense the defendant alleges that since the new lease, with the arrangement for the transfer of the security deposit, was created at plaintiffs' request, the defendant's acquiescence in that request does not constitute a violation of the Connecticut Unfair Trade Practices Act.
In its Counterclaim the defendant alleges the creation of CT Page 6454-K the new lease between the parties. The counterclaim further alleges that the plaintiffs abandoned the premises under the new lease and that they have failed to pay the rent thereunder due for the month of March 1996. In addition to loss rent for March 1996, the defendant claims damages in the form of late charges, advertising costs and attorney's fees.
The plaintiffs deny the integral allegations of the defendant's Special Defenses and Counterclaim. From the credible evidence presented at the trial of this case, the court finds the facts and enters the award hereinafter articulated.
FINDINGS AND AWARD
After signing the original lease on February 22, 1995, plaintiffs Wilson and Miguelina Feliciano moved into the dwelling known as apartment 5, Building 5 Wyndham Court, 1129 Wolcott Street in Waterbury, Connecticut. At all material times defendant Mahler Realty Advisors, Inc. acted through its President, Keith Mahler.
The lease signed on February 22, 1995 was scheduled to expire on February 28, 1996. Paragraph 7 of the lease acknowledged the payment of a security deposit in the amount of $650.00. On January 24, 1996 the parties signed a new lease for another CT Page 6454-L apartment in the same housing complex. The other apartment is described as apartment 2 in Building 5. Paragraph 7 of the new lease states in part that the plaintiffs paid a security deposit of 800.00 for the new apartment. Shortly after signing the new lease the defendant mailed a copy of it to the plaintiffs.
The parties agreed that the $650.00 security deposit under the original lease would be applied toward the payment of the new $800 security deposit required under the new lease. The parties further agreed that the rent for the month of February 1996 under the original lease would be waived, and that the rent due for that month under the new lease would be $434.00 — the same monthly rate as under the original lease; but that a new monthly rate of $520.00 would start on March 1, 1996.
On or about January 31, 1996, the plaintiffs vacated their original apartment in building 5. They left behind a few items, such as ice trays and a waste paper basket. They moved completely away from the premises owned by the defendant and into a dwelling other than the apartment (apartment 2, Building 1) subject of their new lease which they had signed with the defendant. By letter dated February 28, 1996, the plaintiffs requested that the defendant return their $650.00 security deposit.
By letter dated March 22, 1996, the defendant informed the CT Page 6454-M plaintiffs that the amount of their security deposit ($650.00) plus interest thereon ($7.87) was applied to the $520.00 due under their new lease as rent for the month of March 1996 for apartment 2, Building 1. The defendant's letter informed the plaintiffs that they owe $143.13 as the balance unpaid for the March 1996 rent.
By its letter dated March 27, 1996, the defendant informed the plaintiffs that after mitigating its damages by re-renting apartment 2 and crediting their security deposit against its costs, the plaintiffs owe $207.03, calculated as follows:
Security Deposit $657.87
Unpaid March rent 520.00
Late Charge 52.00
Advertising 292.90
Balance due on account 207.03
The defendant also informed the plaintiffs that if that amount is not paid by April 5, 1996, it would take legal action.
The court finds that the credible evidence in this case CT Page 6454-N establishes that the plaintiffs breached their lease signed on January 24, 1996, by not moving into their new apartment in Building 1, and by not paying the rent due thereunder. After mitigating its damages, the defendant sustained an out-of-pocket rental adjustment indebtedness of $207.03. Furthermore, the defendant has incurred counsel fees for representation through September 11, 1996 in the amount of $1,713,96. However, inasmuch as counsel fees under this consumer lease is limited to fifteen per cent of recovery, Conn. Gen. Stat Sec. 42-150aa(b), the court awards to the defendant damages as follows:
Balance due on account $207.03
Counsel fees (15%) 31.54
Total damages 238.57
Accordingly, the court finds against the plaintiffs on their Complaint, and finds for the defendant on its Counterclaim as aforesaid.
Clarance J. Jones, Judge CT Page 6454-O